**MOT**
MICHAEL D. PARIENTE
Nevada Bar No. 9469
330 South Third Street, Suite 1075
Las Vegas, NV 89101
(702) 966-5310
Attorney for Defendant

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
*****

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MAX MILTON, ) <br> ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.: 2:09-cr-00468-PMP-PAL |

**REPLY TO GOVERNMENT'S OPPOSITION TO DEFENDANT'S AMENDED**
**MOTION TO SUPPRESS STATEMENTS**

COMES NOW Defendant, MAX MILTON, by and through his attorney of record, MICHAEL D. PARIENTE, and submits this Reply to Government's Opposition to Defendant's Amended Motion to Suppress Statements.

This reply is made and based on all the pleadings and papers filed herein and any argument adduced at the time of hearing.

DATED this 31st day of December 2009.

Respectfully submitted:

1

MICHAEL D. PARIENTE

*/s/ Michael D. Pariente*
Nevada Bar No. 9469
330 South Third Street, Suite 1075
Las Vegas, NV 89101
Attorney for Defendant

**DEFENDANT'S REPLY BRIEF TO GOVERNMENT'S OPPOSITION TO AMENDED MOTION TO SUPPRESS STATEMENTS**

### I. The Government misstates the Ninth Circuit's holding in <u>Perez-Lopez</u>.

On December 12, 2009, Mr. Milton filed his Amended Motion to Suppress Statements. On December 28, 2009, the Government filed its brief in opposition to Mr. Milton's Motion. In its brief, the Government mischaracterizes the holding of the U.S. Ninth Circuit Court of Appeals decision in <u>United States v. Perez-Lopez</u>, 348 F.3d 839 (9th Cir. 2003). The Government cites <u>United States v. Perez-Lopez</u>, 348 F.3d at 849 and claims it supports their position:

> Importantly, the Ninth Circuit has held that *Miranda* has "four core requirements." *United States v Perez-Lopez*, 348 F.3d 839, 849 (9th Cir. 2003). Those requirements are that "the defendant understands that he or she need not speak to the police, that any statement made may be used against him or her, that he or she has a right to an attorney, and that an attorney *will* be appointed if he or she cannot afford one." *Id.*, at 848-49 (emphasis in case). Detective Nichols clearly complied with all four core requirements of *Miranda* and, thus, under Ninth Circuit law, his *Miranda* warnings were sufficient."

<u>Government's Response</u>, Page 6, Lines 9-15.

This is incorrect and completely misstates the Ninth Circuit's holding. In <u>United States v Perez-Lopez</u>, 348 F.3d at 849, a case that was decided in Defendant Perez-Lopez's favor, the actual wording of <u>Perez-Lopez</u> 348 F.3d at 849 is as follows:

2

The Tenth Circuit cases relied on by the district court for its contrary conclusion actually support our holding. The law of that circuit is that "[a] translation of a suspect's *Miranda* [**24] rights need not be perfect if the defendant understands that he or she need not speak to the police, that [*849] any statement made may be used against him or her, that he or she has a right to an attorney, and that an attorney will be appointed if he or she cannot afford one." United States v. Hernandez, 93 F.3d 1493, 1502 (10th Cir. 1996). (citing United States v. Hernandez, 913 F.2d 1506, 1510 (10th Cir. 1990)) (emphasis added).

The holding of Perez-Lopez above is not what the Government wishes it was. The Government argues that the law of the Tenth Circuit is the law of the Ninth Circuit. The Ninth Circuit made no such ruling. In fact, the Ninth Circuit ruled in Perez-Lopez the following:

> *Miranda* itself stated that admissibility of any statement given during custodial interrogation of a suspect depends on whether the police provided the suspect with four warnings: "the right to remain silent, that anything he says can be used against him in a court of law, that he has the right to the *presence* of an attorney, and that if he cannot afford an attorney one will be appointed for him prior to any questioning if he so desires." Miranda, 384 U.S. at 479 (emphasis added); see also Dickerson, 530 U.S. at 435. United States v. Perez-Lopez, 348 F.3d 839 (9th Cir. Or. 2003).

II. **Merely telling a defendant that he may speak to an attorney is not the same as telling a defendant he has the right to the presence of an attorney before and during questioning.**

The Government incorrectly states that Detective Nichols told Mr. Milton "that he had the right to an attorney". Government's Response, Page 5, Line 12. What Detective Nichols actually told Mr. Milton was that "he had the right to *speak* to an attorney." Sadly for the Government, the Ninth Circuit Court of Appeals joined the conservative Fifth Circuit Court of Appeals and decided against the Government by holding:

> [The Fifth Circuit] explicitly concludes that "merely telling [a defendant] that he could speak with an attorney . . . before he said anything at all is not the same as informing him that he is entitled to the presence of an attorney during interrogation and that one will be appointed if he cannot afford one." Windsor v. United States, 389 F.2d 530, 533 (5th Cir. 1968) (emphasis added). Thus, the Fifth Circuit finds advisement of the right to

3

counsel during questioning to be a vital part of the Miranda protections. Although the question is a close one, we prefer the Fifth Circuit's approach to this issue. United States v. Noti, 731 F.2d 610, 615 (9th Cir. Cal. 1984)."

### III. Noti is the law and was reaffirmed by the Ninth Circuit in United States v. Bland, 908 F.2d 471, 474 (9th Cir. Cal. 1990).

The Government cannot seem to accept the fact the Ninth Circuit's holding in Noti is the law and controls. The Government then attempts to ignore the holding in Noti by stating that it is "inapposite" because the U.S. Supreme Court's decision in Duckworth v. Eagan, 492 U.S. 195 (1989) was decided later than Noti. To support its flawed argument, the Government cites a Maryland State Court of Appeals case as support for its contention. Unfortunately for the Government, the Ninth Circuit Court of Appeals reaffirmed Noti in Bland which was decided *after* the Duckworth v. Eagan decision:

> In Noti, we took the view that 'there are substantial practical reasons for requiring that defendants be advised of their right to counsel *during* as well as *before* questioning.' Id. at 615. *We will not retreat from Noti here.* United States v. Bland, 908 F.2d 471, 474 (9th Cir. Cal. 1990). (emphasis italicized).

As Mr. Milton pointed out in his original Amended Motion to Suppress, he, unlike the defendants in Prysock or Eagan, was never advised that he had the right to consult with counsel *before questioning and have counsel present during questioning*. None of the words used by Detective Nichols conveyed this *Miranda* right to him. Instead, Mr. Milton's case falls under the rule that where the police have failed to convey to a defendant that he has the right to have an attorney present before, during and after questioning, he is entitled to suppression of his statements.

### IV. Conclusion

Detective Nichols never told Mr. Milton he had the right to the presence of an attorney before and during questioning. Detective Nichols failed to read his pre-printed, standard issue *Miranda* warnings card to Mr. Milton, and instead chose to attempt to recite it by memory, which he

4

got wrong. This sloppiness on the part of Detective Nichols in conveying this most crucial Fifth Amendment right should not be condoned and the Court should recommend suppression of the statements to the District Court.

DATED this 31st day of December, 2009.

                                        THE PARIENTE LAW FIRM, P.C.


                                        /s/ Michael D. Pariente
                                        MICHAEL D. PARIENTE, ESQ.
                                        Nevada Bar No. 9469
                                        330 South Third Street, Suite 1075
                                        Las Vegas, NV 89101
                                        Ph: (702)966-5310

## CERTIFICATE OF SERVICE

I hereby certify that, on this day of December 31, 2009, I electronically filed the Defendant's Reply to the Government's Opposition to Defendant's Amended Motion to Suppress Statements, which caused the document to be served on the attorneys for the U.S. Government.

                                        /s/ Michael D. Pariente
                                        Michael D. Pariente

5

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
*****

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>　　　　　　Plaintiff, )<br>)<br>vs. )<br>)<br>MAX MILTON, )<br>)<br>)<br>　　　　　　Defendant. )<br>_____ ) | CASE NO.: 2:09-cr-00468-PMP-PAL |

**ORDER ON DEFENDANT'S AMENDED MOTION TO SUPPRESS STATEMENTS**

On this day of _____, 2010, the Court, having considered Defendant's Motion to Suppress Statements is of the opinion that the motion should be GRANTED/DENIED and enters this order accordingly.

DATED this _____ day of _____ 2010.

THE HONORABLE PHILIP M. PRO

_____
UNITED STATES DISTRICT COURT CHIEF JUDGE

6