**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>MAX MILTON,<br><br>     Defendant. | Case No. 2:09-cr-00468-PMP-PAL<br><br>**REPORT OF<br>FINDINGS AND RECOMMENDATION**<br><br>(M/Suppress - Dkt. ##13, 16) |

This matter is before the court on defendant Max Milton's ("Milton") Motion to Suppress Statements (Dkt. #13) and Amended Motion to Suppress Statements (Dkt. #16) which were referred to the undersigned for a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. The court has considered the motion, amended motion, the United States' Response (Dkt. #17), Milton's Reply (Dkt. #20), and the arguments of counsel at a hearing conducted January 8, 2010. Michael Pariente appeared with the defendant, and Roger Yang and Nancy Koppe appeared on behalf of the government.

**BACKGROUND**

Milton is charged in an Indictment (Dkt. #1) returned November 10, 2009 with Coercion and Enticement of a minor in violation of 18 U.S.C. § 2422(b). His indictment arises out of an arrest on November 6, 2009 by Henderson Police Department officers. He was arrested in a parking lot in Henderson at gunpoint, handcuffed, and transported to the Henderson Police Department substation where he was booked. At the substation, he was placed in an interview room and questioned by Henderson Police Detective Nichols. The interview was video recorded.

In the current motion, he seeks to suppress statements during the interview with Detective Nichols, alleging that although he received *Miranda* warnings, they were inadequate. Specifically,

Milton claims that the *Miranda* warnings he received failed to advise him that he had the right to an attorney present before and during questioning. The government opposes the motion, asserting the recitation of *Miranda* warnings Milton received was a "fully effective equivalent" of the recitation of warnings mandated by *Miranda*.

It is undisputed that Milton was under arrest and subjected to custodial interrogation. The interrogation was video recorded, and both sides agree the following *Miranda* warnings were administered:

> You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to speak to an attorney. If you cannot afford one, one will be appointed to you. If you decide to stop answering questions once we have begun, all questioning will stop. You just say stop and we're done. Do you understand your rights, Max?

Both sides agree Milton responded "yes" and that Detective Nichols then initiated questioning which elicited incriminating statements Milton seeks to suppress.

Milton does not claim that the statements he made following the advisement of rights were not freely and voluntarily made. Milton also does not claim that he requested to contact an attorney at any point before or during the interview or that he requested that one be appointed for him prior or during the interrogation. Rather, he contends the rights he received did not fully comply with the requirements of *Miranda* and that the court must, therefore, suppress the statements made. During oral argument, counsel for plaintiff argued that the warnings that were administered failed to advise Milton that he was entitled to counsel before and during questioning. Additionally, he argued that Detective Nichols' *Miranda* warnings were inadequate because Detective Nichols advised Milton he had the right to **speak** to an attorney instead of the right to have an attorney present before and during questioning (emphasis added). Counsel for the government responded that advising the defendant he had the right to speak to an attorney effectively conveyed to Milton he had the right to an attorney and did not limit or qualify the right because normally the only way to consult with an attorney is to speak with an attorney.

## DISCUSSION

The Fifth Amendment of the United States Constitution affords a citizen the right to be informed, prior to custodial interrogation, that "he has the right to remain silent, that anything he says

can be used against him in a court of law, that he has the right to the presence of an attorney, and that if he cannot afford an attorney, one will be appointed for him prior to any questioning if he so desires." Miranda v. Arizona, 384 U.S. 436, 479 (1966).  The Supreme Court "presumed that interrogation in certain custodial circumstances is inherently coercive and . . . that statements made under those circumstances are inadmissible unless the suspect is specifically warned of his *Miranda* rights and freely decides to forgo those rights."  New York v. Quarles, 467 U.S. 649, 654 (1984) (footnote omitted).

The Miranda decision "established certain procedural safeguards that require police to advise criminal suspects of their rights under the Fifth and Fourteenth Amendments before commencing custodial interrogation."  Duckworth v. Eagan, 492 U.S. 195, 202 (1989).  *Miranda* warnings are prophylactic in nature and are "not themselves rights protected by the Constitution."  Michigan v. Tucker, 417 U.S. 433, 444 (1974).  Instead, *Miranda* warnings are "measures to ensure that the right against compulsory self-incrimination [is] protected."  Id.  For this reason, courts reviewing the adequacy of warnings, "need not examine *Miranda* warnings as if construing a will or defining the terms of an easement."  Eagan at 203.  Reviewing courts should determine whether the warnings that were administered reasonably conveyed to the suspect the rights *Miranda* requires.  California v. Prysock, 453 U.S. 355, 361 (1981).  No "talismanic incantation" is required to satisfy the warnings *Miranda* requires.  Rather, the language used in the Miranda decision or their "fully effective equivalent" are prerequisites to the admissibility of any statement made by a suspect in custody.  Id.

A misleading *Miranda* warning is inadequate.  Prysock at 359.  The Ninth Circuit has held that *Miranda* warnings "must be read and conveyed to all persons clearly and in a manner that is unambiguous."  United States v. San Juan-Cruz, 314 F.3d 384, 389 (9th Cir. 2002).  However, as the Ninth Circuit recently reiterated, "[t]o be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning."  Doody v. Schriro, 548 F.3d 847, 863 (9th Cir. 2008).

Milton claims that the *Miranda* warnings that were administered to him were inadequate because they failed to advise him of the right to have an attorney present before, during, and after questioning.  Citing United States v. Noti, 731 F.2d 610, 614 (9th Cir. 1984), he argues that merely advising a suspect of the right to an attorney prior to questioning and that one will be appointed for him

3

if he cannot afford one is insufficient because it does not inform a suspect of the right to have an attorney present during the interrogation. In Noti, the Ninth Circuit recognized that a reviewing court must examine the *Miranda* warnings which were administered from a practical viewpoint. Id. "If a defendant has been told the substance of his constitutional rights, it is not fatal if irrelevant words or words with no independent substance are omitted." Id. The Court of Appeals held that a person subjected to custodial interrogation is entitled to know he has the right to the presence of counsel during interrogation. Noti was advised of his right to remain silent and "the right to the services of an attorney before questioning." The Ninth Circuit found the warnings given to Noti were defective because Noti was only advised he had the right to an attorney *before* questioning which is not the same as informing the defendant of his right to the presence of an attorney *during* interrogation.

Milton also relies on the Ninth Circuit's decision is United States v. Bland, 908 F.2d 471 (9th Cir. 1990), which held the *Miranda* warnings which were administered were inadequate. Bland was advised he had the right to an attorney prior to questioning and that if he could not afford one, an attorney would be appointed for him but was not advised that he had the right to have counsel present during questioning.

The Noti and Bland decisions involve *Miranda* warnings which implied a temporal limitation on the right to counsel. The Ninth Circuit found that advising a suspect of the right to an attorney prior to questioning is not the same as informing a suspect he is entitled to the presence of an attorney *during* interrogation and that one will be appointed for him if he cannot afford one. In this case, Milton was not told that he had the right to have counsel present prior to and during questioning. He was told that he had the right to speak to an attorney without any express or implied temporal limitation to the right to speak to an attorney.

In Duckworth v. Eagan, *supra*, the Supreme Court granted *certiorari* to resolve a conflict among the lower courts concerning whether informing a suspect that an attorney would be appointed for him "if and when you go to court" rendered *Miranda* warnings inadequate. The Seventh Circuit found the "if and when you go to court" language suggested that only those accused who can afford an attorney have the right to have one present before answering questions and implied that if the accused does not go to court, that is, if the government does not file charges, the accused is not entitled to counsel at all.

1  The Supreme Court rejected this view, finding the Court of Appeals "misapprehended the effect of the
2  inclusion of" this language. Id. at 203.  The Supreme Court held that the "if and when you go to court"
3  language did not render *Miranda* warnings inadequate.  The Supreme Court reasoned that the "if and
4  when you go to court" language accurately described the procedure under Indiana law to appoint
5  counsel at the defendant's initial appearance and simply anticipates a suspect's question of when he will
6  obtain counsel.  Additionally, the Supreme Court reiterated that *Miranda* did not require that attorneys
7  be "producible on call" or suggest that every police station must have a lawyer available at all times to
8  advise suspects.

9  In United States v. Connell, 869 F.2d 1349 (9th Cir. 1989), the Ninth Circuit held that *Miranda*
10 warnings that failed to advise the defendant of his right to appointed counsel were inadequate where the
11 officer advised the defendant that if he could not afford to pay for a lawyer, one **may** be appointed to
12 represent him.  However, the Ninth Circuit cited with approval its prior holding in United States v.
13 Garcia, 431 F.2d 134 (9th Cir. 1970) (*per curium*), finding "a warning adequate, though there has been
14 a failure to state explicitly that appointed counsel is available prior to and during questioning, when the
15 existence of this right can easily be inferred from the warnings actually given." Id. at 1352.  As the
16 Court of Appeals stated, "[i]t is clear that otherwise unobjectionable *Miranda* warnings will not be
17 found inadequate simply because they fail explicitly to state that an individual's right to appointed
18 counsel encompasses the right to have that counsel present prior to and during questioning." Id. at
19 1351.

20 In this case, Milton was advised: (1) that he had the right to remain silent; (2) that anything he
21 said could and would be used against him in a court of law; (3) that he had the right to speak to an
22 attorney; (4) that if he could not afford one, one would be appointed; and (5) that if he decided to stop
23 answering questions once questioning began, all questioning would stop.  Although Milton was not told
24 that he had the right to have counsel present prior to and during questioning, the existence of this right
25 can easily be inferred from the warnings which were actually given.  The court finds that these warnings
26 were not ambiguous or misleading and that they conveyed the substance of Milton's constitutional
27 rights under *Miranda*.
28 / / /

1   Milton also claims that the *Miranda* warnings that were administered were inadequate because
2   Detective Nichols advised him he had the right to *speak* to an attorney instead of advising him he had
3   the right to have an attorney present before and during questioning.  The court does not find this
4   language inadequate or ambiguous.  The <u>Miranda</u> decision requires a suspect subject to custodial
5   interrogation to be advised of the right to the *presence* of an attorney.  The presence of an attorney
6   would offer little solace to a defendant subjected to custodial interrogation if the attorney was merely
7   present and not able to speak with, consult with, and advise a suspect.  Yet, no one claims that advising
8   a suspect of his right to have a lawyer present is misleading or ambiguous when a suspect is not
9   expressly told he has the right to speak with, consult with, and receive advice from an attorney.  The
10  right to speak with, consult with, and receive advice from an attorney is easily inferred from a warning
11  which advises a suspect he has the right to the presence of an attorney.  By advising Milton that he had
12  the right to speak to an attorney with no suggestion of any temporal limitation, and in combination with
13  the other rights that were administered, the substance of Milton's constitutional rights under *Miranda*
14  were conveyed.

15  For all of the foregoing reasons,

16  **IT IS THE RECOMMENDATION** of the undersigned United States Magistrate Judge that
17  defendant's Motion to Suppress Statements (Dkt. #13) be DENIED.

18  Dated this 9th day of February, 2010.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE