MICHAEL D. PARIENTE
Nevada Bar No. 9469
330 South Third Street, Suite 1075
Las Vegas, NV 89101
(702) 966-5310
Attorney for Defendant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
*****

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MAX MILTON, ) <br> ) <br> Defendant. ) <br> _____ ) | CASE NO.: 2:09-cr-00468-PMP-PAL |

**OBJECTIONS TO U.S MAGISTRATE'S REPORT AND RECOMMENDATION**

COMES NOW Defendant, MAX MILTON, by and through his attorney of record, MICHAEL D. PARIENTE, and files his objections to the U.S. Magistrate's Report and Recommendations for denial of Mr. Milton's motion to suppress statements due to the failure of law enforcement to inform Mr. Milton he had the right to an attorney before and during questioning.

DATED this 26th day of February, 2010.

Respectfully submitted:

MICHAEL D. PARIENTE

1

/s/ Michael D. Pariente
Nevada Bar No. 9469
330 South Third Street, Suite 1075
Las Vegas, NV 89101
Attorney for Defendant

**MR. MILTON'S OBJECTIONS TO THE U.S. MAGISTRATE'S REPORT AND RECOMMENDATION**

Mr. Milton objects to the U.S. Magistrate's Report and Recommendation issued on February 9, 2010 as follows:

### I. THE REPORT CITES A CASE WHICH WAS OVERRULED AND MAY NOT BE CITED BY ANY COURT WITHIN THE NINTH CIRCUIT

Doody v. Schriro, 548 F.3d 847, 863 (9th Cir. 2008) cited by the U.S. Magistrate as controlling authority, was overruled by the U.S. Ninth Circuit Court of Appeals in Doody v. Schriro, 566 F.3d 839 (9th Cir. Ariz. 2009). "Upon the vote of a majority of nonrecused active judges, it is ordered that this case be reheard en banc pursuant to Circuit Rule 35-3. The three-judge panel opinion shall not be cited as precedent by or to any court of the Ninth Circuit." Doody v. Schriro, 566 F.3d 839 (9th Cir. Ariz. 2009). Thus, the U.S. Magistrate committed error by violating the Ninth Circuit's rules by citing this overruled case as precedent.

### II. THE REPORT CITES A CASE AS BINDING AUTHORITY WHEN THAT SAME CASE ACTUALLY SAYS NOTHING EVEN REMOTELY SIMILAR TO WHAT THE REPORT AND RECOMMENDATION ASSERTS

The U.S. Magistrate's Report and Recommendation erroneously states the following:

2

"However, the Ninth Circuit cited with approval its prior holding in <u>United States v. Garcia</u>, 431 F.2d 134 (9th Cir. 1970) (*per curium*), finding "a warning adequate, though there has been a failure to state explicitly that appointed counsel is available prior to and during questioning, when the existence of this right can easily be inferred from the warnings actually given." Page 5, Lines 12-15.

Surprisingly, <u>United States v. Garcia</u> says no such thing and sides with defendant Garcia.

Below is the actual wording of the entire one page <u>Garcia</u> opinion:

> Defendant Garcia appeals from a conviction for violating 21 U.S.C. § 174. Error in admitting Garcia's inculpatory statements obtained in violation of Miranda v. Arizona (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, compels reversal of her conviction and a remand for a new trial from which those statements will be excluded.
>
> After Garcia was arrested, federal agents repeatedly questioned her. During the course of the interrogation sessions, the agents gave her several different versions of the Miranda bundle of warnings. On no occasion was a warning given fully complying with Miranda. Taken together, the warnings were inconsistent. At one point she was told that she had a right to the presence of counsel "when she answered any questions"; on another, she was told that she could "have an attorney appointed to represent you when you first appear before the U.S. Commissioner or the Court."
>
> The warnings failed adequately to inform Garcia of her right to counsel before she said a word. "[The] offer of counsel must be clarion and firm, not one of mere [**2] impressionism." Lathers v. United States (5th Cir. 1968) 396 F.2d 524, 535. (Accord, United States v. Vasquez-Lopez (9th Cir. 1968) 400 F.2d 593; Gilpin v. United States (5th Cir. 1969) 415 F.2d 638.)
>
> Discussion of the remaining contentions is rendered unnecessary by our disposition of the Miranda issue.
>
> The judgment is reversed, and the cause is remanded for a new trial. <u>United States v. Garcia</u>, 431 F.2d 134 (9th Cir. Cal. 1970).

Nowhere in the entire <u>Garcia</u> above opinion is there any language that is even remotely similar to the language the Report and Recommendation claims on Page 5, Lines 12-15.

### III. THE U.S. MAGISTRATE'S REPORT AND RECOMMENDATION CONFUSES

### THE HOLDING IN U.S. V. CONNELL WHICH ADDRESSES

3

### *APPOINTMENT* OF COUNSEL WHEN A DEFENDANT HAS BEEN TOLD HE HAS THE RIGHT TO AN ATTORNEY BEFORE AND DURING QUESTIONING.

The U.S. Magistrate's Report and Recommendation cites U.S. v. Connell, 869 F.2d 1349 (9th Cir. 1989) as authority. Connell held that a defendant's Miranda warnings were not defective when he was not told he had the right to *appointed* counsel when he was told he had the right to the presence of an attorney *before* and *during* questioning. Mr. Milton was not told he had the right to the presence of an attorney before and during questioning. The reason the Ninth Circuit upheld Connell's confession was due to the fact that Connell was informed he had the right to an attorney before and during questioning – Mr. Milton was only told he had the right to speak to an attorney but was not told he had the right to have an attorney with him present before and during questioning.

### IV. THE U.S. MAGISRTATE'S REPORT AND RECOMMENDATION IGNORES BINDING CASE LAW OF THE NINTH CIRCUIT COURT OF APPEALS WHICH HOLDS THAT TELLING A DEFENDANT HE MAY SPEAK TO AN ATTORNEY AMOUNTS TO A DEFECTIVE MIRANDA WARNING.

United States v. Noti, 731 F.2d 610 (9th Cir. 1984) holds that a defendant being told he has the right to speak to an attorney is not the same as being told he has the right to an attorney before and during questioning. Despite this clear holding, the U.S. Magistrate's Report and Recommendation ignores Ninth Circuit law and asserts that a defendant being told he has the right to speak to an attorney, without being told he has the right to an attorney present before and during questioning, is sufficient. This statement is completely contrary to established Ninth Circuit law.

4

Under Ninth Circuit precedent, merely advising a suspect that he has a right to an attorney and that one will be appointed for him if he cannot afford one is insufficient, since it does not inform a suspect that he also has a right to have a lawyer present during the interrogation. Specifically, in Noti, 731 at 614, the defendant was warned "you have the right to remain silent, the right to services of an attorney before questioning, if you desire an attorney, and cannot afford one, an attorney will be appointed by the Court with no charge to you. Any statement you do make can and will be used against you in a court of law." The Ninth Circuit Court of Appeals held that this warning was insufficient, stating, "Miranda itself certainly suggests that the right to counsel during questioning is significant, independent of the right to counsel before questioning." Id. (emphasis in original). The Court further explained:

> Although the Supreme Court does not require that the language of Miranda be read verbatim to defendants (as long as the warning is not misleading), [Prysock, 453 U.S. at 359], it has repeatedly emphasized the critical importance of the right to know that counsel may be present during questioning. . . . There can be little question, then, that the right to have counsel during questioning is fundamental to the Miranda scheme."

Noti, 731 F.2d at 614 (citations omitted). The Ninth Circuit Court then determined to follow the Fifth Circuit's case law on the issue[1] and hold that merely telling a defendant

---

1 See, e.g., Montoya v. United States, 392 F.2d 731, 733-35 (5th Cir. 1968) (holding that suppression of statement was required where defendant was warned that she had the right to remain silent, that anything she might say could be used against her if tried, that she had a right to an attorney, if she could not afford an attorney, one would be provided for her, and that she could terminate the interview at any time she so desired; Miranda requires the person questioned be advised of the right to consult with a lawyer and to have the lawyer with him during the interrogation); Windsor v. United States, 389 F.2d 530, 532-33 (5th Cir. 1968) (holding that warnings are inadequate under Miranda where the suspect is advised that he does not have to make a statement, that any statement he makes could be used against him in a court of law, that he could speak with an attorney or anyone else before he said anything at all, that he could terminate the interview at any time, and that in the event he is arrested an attorney would be appointed for him by the court; that is, "merely telling him that he could *speak* with an attorney or anyone else before he said anything at all is not the same as informing him that he is entitled to the presence of an attorney during the interrogation and that one will be appointed if he cannot afford one" (emphasis added);

5

he has the right to speak to an attorney does not comply with <u>Miranda</u> and is not the constitutional equivalent of telling a defendant he has the right to an attorney before and during questioning. The U.S. Magistrate's Report and Recommendation is completely contrary to the Ninth Circuit's holding in <u>Noti.</u>

<u>Noti</u> was followed in <u>United States v. Bland</u>, 908 F.2d 471 (9th Cir. 1990). There, the Ninth Circuit Court of Appeals, in reversing a judgment of conviction, directed that on retrial, the district court must exclude a confession taken in violation of <u>Miranda</u>. The Court noted that the "<u>Miranda</u> warning informed Bland that he had a right to an attorney prior to questioning, and if he could not afford one, that an attorney would be appointed for him. The warning, however, failed to mention that Bland was entitled to have an attorney *during* questioning." <u>Id.</u> at 473-74 (emphasis added). The Court stated:

> Although no "talismanic incantation" of the warning is necessary to satisfy <u>Miranda</u>, [<u>Prysock</u>, 453 U.S. 355, 359], we have recognized the "critical importance of the right to know that counsel may be present during questioning." [<u>Noti</u>, 731 F.2d at 614]. In <u>Noti</u>, we took the view that "there are substantial practical reasons for requiring that defendants be advised of their right to counsel during as well as before questioning." <u>Id.</u> at 615. We will not retreat from <u>Noti</u> here. The warning given to Bland was inadequate.
> <u>Id.</u> at 474.

Despite the Ninth Circuit's holdings in <u>Noti</u> and <u>Bland</u>, the U.S Magistrate's Report and

---

<u>Atwell v. United States</u>, 398 F.2d 507, 510 (5th Cir. 1968) (holding that "advice that the accused was entitled to consult with an attorney, retained or appointed, 'at anytime' does not comply with <u>Miranda</u>'s directive that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and have the lawyer with him during interrogation". See also <u>United States v. Tillman</u>, 963 F.2d 137, 141 (6th Cir. 1992) (police warned defendant he had the right to remain silent, the right to the presence of an attorney if he wished, that he was not required to answer any questions and if he decided to answer questions, he could stop, and that if he could not afford an attorney one would be appointed before he answered any questions; however, this was insufficient under <u>Miranda</u> as the police failed to tell the defendant that any statements he would make could be used against him, and they "failed to convey to defendant that he had the right to an attorney both before, during and after questioning.")

6

Recommendation completely disregards these Ninth Circuit's binding opinions.

## CONCLUSION

Based upon the above and foregoing, Mr. Milton respectfully objects to the Magistrate Judge's Record and Recommendation and asks this Court to reverse the Magistrate Judge's decision.

DATED this 26th day of February, 2010.

Respectfully submitted,

THE PARIENTE LAW FIRM, P.C.


/s/ Michael D. Pariente
MICHAEL D. PARIENTE, ESQ.
Nevada Bar No. 9469
330 South Third Street, Suite 1075
Las Vegas, NV 89101

## CERTIFICATE OF SERVICE

I hereby certify that, on this day of February 26, 2010, I electronically filed the Defendant's Objections to the U.S. Magistrate's Report and Recommendation, which caused the document to be served on the attorney for the U.S. Government.


/s/ Michael D. Pariente
Michael D. Pariente