DANIEL G. BOGDEN
United States Attorney
NANCY J. KOPPE
ROGER YANG
Assistant United States Attorneys
333 Las Vegas Blvd South, Suite 5000
Las Vegas, Nevada  89101
(702) 388-6336

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:09-cr-00468 PMP PAL |
| PLAINTIFF, | ) | GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S FINDINGS AND RECOMMENDATION |
| VS. | ) | |
| MAX MILTON, | ) | |
| DEFENDANT. | ) | |

**Certification**:  This response is timely filed.

COMES NOW the United States of America, by and through its attorneys, Daniel G. Bogden, United States Attorney, and Nancy J. Koppe and Roger Yang, Assistant United States Attorneys, file this response to Defendant's Objections to the Magistrate's Findings and Recommendation. Defendant claims that his statement must be suppressed because the investigating detective failed to properly advise him of his *Miranda* rights prior to questioning him.  Because the video of the statement clearly shows, however, that the detective properly advised defendant of his *Miranda* rights, defendant's argument fails and the United States asks this Court to overrule his objections and affirm the Magistrate Judge's Findings and Recommendation.

. . .

. . .

FACTS

On October 20, 2009, Henderson Police Detective Wayne Nichols went online in an undercover capacity, to the website Craigslist.com. Under casual encounters, Detective Nichols observed an advertisement that he later learned was posted by defendant Max Milton. This advertisement was entitled, in part, "looking for younger girls." The body of the ad stated that a "30yo good looking guy" was "looking to play with someone younger. No age limits. Any daughters or sisters want to play? message me soon looking to play Thursday Friday or saturday night!" Detective Nichols responded to the ad from an undercover e-mail account, stating that the sender of the e-mail had seen the ad. Defendant e-mailed back to tell him more. At that point, Detective Nichols sent an e-mail stating that he was 14 years old. Defendant then asked what school the 14-year old girl went to, and Detective Nichols responded with the name of a high school in Henderson.

The two began to speak online. Defendant wanted to meet the 14-year old girl, and asked at one point if she wanted to "make out" with him. When defendant asked the girl how far she would go sexually, Detective Nichols voiced concern about becoming pregnant at the age of 14. Defendant immediately replied that he, too, was concerned about getting her pregnant and offered assurances that he would use a condom. Defendant did state, however, that he would not use a condom while the girl performed oral sex on him. Defendant also asked questions to gauge the girl's sexual experience.

Eventually, arrangements were made to meet in the evening hours of November 5, 2009. Defendant said he would pick the girl up at a specific Vons in Henderson at approximately 11:00 p.m. He said he would have the girl home by 5:00 the next morning. On November 5, 2009, at approximately 8:20 p.m., law enforcement officers observed defendant leave his residence with a woman, later identified as his girlfriend, in his vehicle. Defendant drove his girlfriend to the airport and dropped her off. He then initiated contact with Detective Nichols, whom he believed to be the 14-year old girl that he was planning to meet, over Yahoo instant messaging. He asked if he could pick the girl up earlier than planned. Defendant then traveled to the Vons in Henderson where he was supposed to meet the girl.

When defendant arrived at Vons, detectives initiated a stop of the vehicle, arrested defendant, and transported him to the Henderson Police Department. Prior to questioning, Detective Nichols advised defendant of his *Miranda* rights. Specifically, Detective Nichols said, "You have the right to remain silent. Anything you say can and will be used against you in a court of law. You have the right to speak to an attorney. If you cannot afford one, one will be appointed to you. If you decide to stop answering questions once we've begun, all questioning will stop. Just say stop and we're done. Understand your rights, Max?" Defendant responded, "yes." During his statement, defendant admitted that he had gone to the Vons to meet a girl he had met on the Internet. Defendant said that he had posed a Craigslist ad in the casual encounter section, and admitted that it stated, in part, that he wanted to meet a female for kinky sexual activity. Defendant said he received several responses to the ad, including one from a 14-year old female. Initially, defendant attempted to downplay the context of the communications; however, when confronted with the fact that Detective Nichols had read the chats, defendant admitted that the chats contained communications with a sexual theme. Although defendant admitted to all of the sexual language he used in the communications with the girl, and eventually admitted that he had told the girl he would take her back to his house, defendant claimed that he did not intend to have sex with the girl, but intended solely to "hang out" with her.

Defendant now asks this Court to suppress his statement, claiming that the Miranda warning was inadequate because it did not advise defendant that he was entitled to counsel both before and during interrogation. Because the Miranda warning adequately informed the defendant of his right to counsel, the United States asks this Court to overrule defendant's objections and affirm the Magistrate Judge's Report and Recommendation.

. . . .

. . . .

. . . .

. . . .

. . . .

**DISCUSSION**

**I.  THE EN BANC OPINION IN DOODY SHOULD HAVE NO EFFECT ON THIS COURT'S ANALYSIS.**

Prior to questioning, police must warn the defendant that he has a right to remain silent; that any statement he does make may be used as evidence against him; that he has a right to the presence of an attorney; and that if he cannot afford an attorney one will be appointed for him. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966). The Magistrate's Findings and Recommendation cites to *Doody v. Schriro*, 548 F.3d 847, 863 (9th Cir. 2008) for the proposition that "[t]o be found inadequate, an ambiguous warning must not readily permit an inference of the appropriate warning." (Mag.'s Findings & Recommendation at 3:22-24). Of course, the Magistrate Judge's point that *Miranda* warnings must be given unambiguously, without conflicting and confusing elaborations, remains good law despite the en banc court's *affirmance* of the panel's result in *Doody*. *Doody v. Schriro*, __ F.3d ___ (9th Cir., February 25, 2010) (en banc) (slip op. at 2983) (noting that adequate warnings without "inadequate and garbled elaborations" still satisfy *Miranda*). Despite the vacation of the panel decision in *Doody*, the Magistrate Judge relied more on *United States v. Connell*, 1349, 1351 (9th Cir. 1989) for the proposition that "[i]t is clear that otherwise unobjectionable *Miranda* warnings will not be found inadequate simply because they fail explicitly to state that an individual's right to appointed counsel encompasses the right to have that counsel present prior to and during questioning." (Mag.'s F&Rs at 5:9-19) That the failure to explicitly state both aspects of the right to counsel, without any misrepresentation or confusing qualification of the right satisfies *Miranda* was re-affirmed in *United States v. Miguel*, 952 F.2d 285, 287-88 (9th Cir. 1991).

Furthermore, defendant completely misinterprets the Magistrate Judge's Findings and Recommendation concerning *United States v. Garcia*, (see Def.'s Obj. at 2:22-3:23) because the Magistrate Judge's Findings and Recommendation plainly refers to language in <u>Connell</u> stating:

> Thus we have found a warning adequate, though there has been a failure to state explicitly that appointed counsel is available prior to and during questioning, when the existence of this right can easily be inferred from the warnings actually given.

4

869 F.2d at 1352.[1] (*See* Mag.'s F&Rs at 5:9-19.) This remains a proper statement of the law and applicable to this case, where the existence of the right throughout the process may "easily be inferred from the warnings actually given." *Connell*, 869 F.2d at 1352. Regardless, the en banc panel in *Doody* did not impose any new requirements that *Miranda* warnings convey additional information or rights. Rather, the en banc panel re-iterated the idea that even adequate *Miranda* warnings can become inadequate if the officer qualifies rights, makes misrepresentations about the rights, or downplays the importance of these rights. *See Doody*, __ F.3d ___ (slip op. at 2980-81, 2983-85) (discussing detective downplaying warnings, deviating from an accurate reading, and expressly misinforming the juvenile defendant about his rights). In this case, the warnings were given once, they are unambiguous, and they cover all of defendant's rights without qualification or any misrepresentation. (Mag.'s F&Rs at 5:20-27.) Therefore, the warnings given by Detective Nichols satisfied defendant's rights under *Miranda*.

## II.   DEFENDANT'S ARGUMENTS ARE FORECLOSED BY THE SUPREME COURT'S OPINION IN FLORIDA V. POWELL.

The Supreme Court recently re-iterated that *Miranda* warnings are adequate where, "[a]lthough the warnings were not the *clearest possible* formulation of *Miranda*'s right-to-counsel advisement, they were sufficiently comprehensive and comprehensible when given a commonsense reading." *Florida v. Powell*, 559 U.S. ___ (2010) (slip op. at 12). In *Powell*, the officer told the defendant in relevant part, "You have the right to talk to a lawyer before answering any of our questions. If you cannot afford to hire a lawyer, one will be appointed for you without cost and before any questioning. You have the right to use any of these rights at any time you want during this interview." 559 U.S. at ___ (slip op. at 2). The Supreme Court concluded that "the two warnings

---

[1] Although the Magistrate Judge probably meant to cite to *Coyote v. United States*, 380 F.2d 305, 307-08 (10th Cir. 1967), nothing in *Garcia* undermines the idea that where the rights may be adequately inferred from the warnings, and no conflicting or misleading statements exist, the *Miranda* warnings are adequate.

reasonably conveyed Powell's right to have an attorney present, not only at the outset of interrogation, but at all times." *Id.* (slip op. at 10). The Supreme Court decided that fanciful scenarios regarding counsel being shuttled into and out of interrogation should not be read into warnings, but that courts should concentrate on the commonsense reading of the warnings. *Id.*, (slip op. at 11-12).

In light of the Supreme Court's re-affirmance of its decisions in *California v. Prysock*, 453 U.S. 355, 359 (1981) ("This Court has never indicated that the 'rigidity' of *Miranda* extends to the precise formulation of the warnings given a criminal defendant) and *Duckworth v. Eagan*, 492 U.S. 195, 205 (1989) (concluding "if and when" language "in their totality, satisfied *Miranda*."), in *Florida v. Powell*, Detective Nichols' unqualified advisement to defendant that he had "the right to speak to an attorney" sufficiently informed the defendant of his right under *Miranda* because it placed no qualifications or restrictions on the right to an attorney. In addition, the Supreme Court's approval of the Florida advisement stating a defendant had a "right to talk to an attorney" as equivalent to the right to the presence of an attorney disposes of defendant's attempt to argue that *United States v. Noti*, 731 F.2d 610, 614 (9th Cir. 1984) holds that advising someone they have the "right to speak to an attorney" is an inadequate advisement regarding the "right to the presence" of an attorney.[2] (*See* Mag.'s F&Rs at 6:1-14.) The commonsense reading of the advisement is that any defendant would understand that the right to talk to an attorney is the same as a right to the presence of an attorney.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[2] The Magistrate Judge also correctly noted that both *United States v. Noti* and *United States v. Bland*, 908 F.2d 471 (9th Cir. 1990), involved qualified rights to counsel, rather that "the right to speak to an attorney without express or implied temporal limitation to the right to speak to an attorney." (Mag.'s F&Rs at 4:16-22.)

## CONCLUSION

The warnings Detective Nichols gave defendant adequately conveyed to defendant his right to an attorney under *Miranda*. Accordingly, the United States asks this Court to overrule defendant's Objections to Magistrate's Report and Recommendation and affirm the Findings and Recommendation of the Magistrate Judge.

DATED this 3rd day of March, 2010.

Respectfully submitted,

DANIEL G. BOGDEN
United States Attorney

/s/ Roger Yang

NANCY J. KOPPE
ROGER YANG
Assistant United States Attorneys

**Electronic Certificate of Service**

I, the undersigned, hereby certify that I am an employee of the United States Attorney's Office, District of Nevada, and that on this day an electronic copy of the foregoing Government's Response to Defendant's Objections to the Magistrate's Findings and Recommendation was electronically served on Michael Pariente, counsel of record.

DATED: March 3, 2010.

/S/ Pamela J. Mrenak
Pamela J. Mrenak
Legal Assistant