UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | Case No. 2:09-cr-00468-PMP-PAL |
| vs. | ) | **ORDER** |
| MAX MILTON, | ) | |
| | ) | (Mot. For Appt. Conflicts Counsel - Dkt. #39) |
| Defendant. | ) | |

Before the court is the United States' Motion for Appointment of Conflicts Counsel (Dkt. #30). The court has considered the motion and Defendant's response (Dkt. #40). The United States did not file a reply and the time for filing a reply has now run.

Government counsel asks the court to appoint conflict counsel to determine whether defense counsel has a conflict of interest with the Defendant. The request stems out of litigation of a Motion to Suppress initially filed November 24, 2009. An Amended Motion to Suppress was filed after defense counsel viewed a video of the Defendant's advisement of rights and statements. The undersigned issued a Report of Findings and Recommendation February 9, 2010 recommending that the District Judge deny the Defendant's Motion to Suppress. Defendant filed an objection, the United States filed a response, and the District Judge overruled the Defendant's objection. Thereafter, the parties stipulated to continue the trial date, but did not continue the deadline for filing pretrial motions. Three months after the expiration of the motions deadline Defense counsel filed a second Motion to Suppress Statements raising a waiver issue not previously litigated in the Motion to Suppress and Amended Motion to Suppress. The undersigned granted the Government's request to strike the motion as untimely, and denied Defendant's Motion to Reconsider. The District Judge reviewed the rulings and sustained the undersigned.

The government forwarded a proposed plea agreement.  Defense counsel responded indicating assigned counsel intended to state on the record at the time of the Defendant's plea and sentencing that he believed he was ineffective for not timely filing the second Motion to Suppress.  As a result, the government seeks appointment of separate counsel to independently discuss all issues related to this case with the Defendant, including the decision  whether to enter a guilty plea or to proceed with trial so that the Defendant can make an informed, conflict-free determination of how he should proceed.

Counsel for Defendant filed a response indicating that appointment of conflict counsel is not required because, after the government filed this motion, the Defendant retained Attorney Gabriel Grasso who will serve as lead counsel in representing him.  Mr. Grasso does not believe that Mr. Milton has a viable claim for ineffective assistance of counsel based on Mr. Pariente's failure to timely file the second Motion to Suppress.  The response affirmatively represents that neither Mr. Grasso nor Mr. Pariente will assert the Defendant has been ineffectively assisted by counsel as a result of Mr. Pariente's failure to timely file a second Motion to Suppress alleging the Defendant did not validly waive his Miranda rights.

Defendant has now retained Attorney Gabriel Grasso to advise him.  Mr. Grasso has given the Defendant independent legal advise concerning Mr. Pariente's failure to timely file the second Motion to Suppress.  Under these circumstances,

**IT IS ORDERED** the United States' Motion for Appointment of Conflict Counsel (Dkt. #39) is **DENIED**.

Dated this 21st day of July, 2010.

Peggy A. Leen
United States Magistrate Judge

2